IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JIMMY W. DRIVER                                                                           PLAINTIFF

v.                                      CIVIL NO. 09-5112

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Jimmy W. Driver, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) benefits under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his application for DIB on September 25, 2007, alleging an inability to work since February 19, 2007, due to degenerative disc disease in the lumbar spine, low back pain with numbness, right leg pain and numbness, and right knee pain. (Tr. 109). An administrative hearing was held on October 23, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 16-48).

By written decision dated January 21, 2009, the ALJ found that during the relevant time period Plaintiff had an impairment or combination of impairments that were severe. (Tr. 56). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc

disease in his lumbar spine, status-post microdiscectomy at the L4-L5 level. However, after reviewing all of the evidence presented, she determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 57). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform unskilled light work, except that Plaintiff could frequently climb ramps and stairs, balance and kneel; occasionally stoop, crouch and crawl; and never climb ladders, ropes or scaffolds. The ALJ further found Plaintiff needed the ability to sit or stand on an hourly basis. With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as a production line assembler, a plastics machine operator and a rental clerk. (Tr. 62).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 14, 2009. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other

words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520.

AO72A
(Rev. 8/82)

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

The Code of Federal Regulations sets forth additional factors to assist the ALJ in determining what weight should be afforded to the opinion of a given physician, including a treating physician. The Regulations encourage the ALJ to afford more weight to those opinions which are "more consistent with the record as a whole." 20 C.F.R. § 404.1527(d)(4). More weight is also to be extended to "the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(d)(5). When presented with a treating physician's opinion, the ALJ is obligated to examine the nature and extent of the treatment relationship, attributing weight to such an opinion that is proportionate to the knowledge that the medical provider has about the Plaintiff's impairments. 20 C.F.R. §

404.1527(d)(2)(ii). Additionally, the ALJ must either attempt to reconcile the medical reports of the treating physicians with those of the consulting physicians, or direct interrogatories to each of the physicians to obtain a more substantiated opinion of the Plaintiff's capabilities and the onset of his disabilities. See Smith v. Schweiker, 728 F.2d 1158, 1163 (8th Cir.1984); O'Leary v. Schweiker, 710 F.2d 1334, 1342 (8th Cir.1983).

In the present case, the medical evidence reveals Plaintiff originally injured his back at work in October of 2005, and again in early 2007, at which time he was instructed to remain off of work by Dr. Cyril A. Raben, an orthopedic surgeon.[1] (Tr. 264-368, 311). After more conservative measures did not alleviate his back pain and objective testing revealed disc derangement and degeneration, an annular tear and herniation, Plaintiff underwent a microdiscectomy performed by Dr. Raben on March 22, 2007. (Tr. 261-263, 270). Dr. Raben started Plaintiff on physical therapy but recommended Plaintiff remain off work until July of 2007. (Tr. 220, 230, 242, 245, 250). On July 13, 2007, Dr. Raben opined Plaintiff was "doing very well" and was ready to return to work with the following restrictions:

> no prolonged standing[,] no prolonged sitting[,] no work in a bit (sic) over posture[,] and no repetitive bend lift twist[,] frequent breaks [,] frequent change of position 20 minutes at a time for sit to stand or walk without a change in position [,]10 pound lifting limitation.

(Tr. 215-217). Plaintiff attempted to return to work but experienced some pain and was told he could not work with his work restrictions. (Tr. 210). On September 4, 2007, Dr. Raben noted Plaintiff was unable to comply with his physical therapy due to transportation issues.[2] (Tr. 198).

---

[1] Treatment notes list Dr. Raben as C. Tony Raben and Cyril A. Raben. From the information in the medical notes, it appears there is only one Dr. Raben.

[2] Dr. Raben indicated Plaintiff paid a taxi to take him to his therapy appointments thinking that the Workman's Compensation Carrier would reimburse him but this was not the case and Plaintiff was unable to continue to pay a taxi due to financial constraints. (Tr. 198).

Dr. Raben stated in order for Plaintiff to be able to increase his work-load he would need to go through physical therapy and a work conditioning schedule. Dr. Raben indicated Plaintiff's work restrictions were unchanged. (Tr. 200). Treatment notes indicate Plaintiff underwent physical therapy on September 5, 2007, September 6, 2007, September 10, 2007, September 12, 2007, September 13, 2007, September 17, 2007, September 20, 2007, September 21, 2007, September 24, 2007, and September 28, 2007. (Tr. 186-197). On October 2, 2007, Plaintiff reported his pain worsened with increased activity.[3] (Tr. 179). Upon examination of Plaintiff, Dr. Raben noted the following: "Gait and Station: marked reduction range of motion." (Tr. 181). Dr. Raben indicated he would refer Plaintiff to pain management and recommended that Plaintiff "continue off work." (Tr. 182).

In determining that Plaintiff maintained the RFC to perform light work, it appears the ALJ relied heavily upon the RFC assessments completed by non-examining medical consultants. The undersigned first notes that the opinion of a consulting physician who examined the Plaintiff once or not at all does not generally constitute substantial evidence. Cox v. Barnhart, 345 F.3d 606, 610 (8th Cir. 2003); See Jenkins v. Apfel, 196 F.3d 922, 925 (8th Cir. 1999).

In finding Plaintiff could perform light work, the ALJ also discounted the opinion of Plaintiff's treating orthopedic surgeon. In choosing not to give greater weight to Dr. Raben's opinion, the ALJ stated the following:

> Further, given the physical examination findings reported by Dr. Raben at the time of his opinion, i.e., reduction in range of motion and pain and tenderness at the extremes but normal gait and station and no neurological deficits...it would appear that Dr. Raben relied quite heavily on the subjective report of symptoms and

---

[3] Dr. Raben noted that Plaintiff reported that the Workman's Compensation Carrier would no longer pay for visits or treatment after this day.

AO72A
(Rev. 8/82)

>limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported.

(Tr. 61).

After reviewing the medical evidence, it appears that on October 2, 2007, Dr. Raben's notes indicate Plaintiff reported a worsening of pain when he increased his activity. (Tr. 179). Upon examination of Plaintiff, Dr. Raben noted Plaintiff's gait and station revealed a "marked reduction range of motion" which is contrary to the ALJ's decision where she states Dr. Raben found Plaintiff to have a "normal gait and station.[4]" The ALJ also failed to address Dr. Raben's recommendation that Plaintiff remain off work.  Since it appears the reasons that the ALJ discounted Dr. Raben's opinion were not based on Dr. Raben's most recent treatment notes, we believe remand is necessary for the ALJ to re-evaluate Dr. Raben's findings and to give the reasons for the weight given to Dr. Raben's opinion when determining Plaintiff's RFC. Holmstrom v. Massanari, 270 F.3d 715, 720 (8th Cir. 2001) (The ALJ must give good reasons for whatever weight he gives the treating physician's opinion); 20 C.F.R. § 404.1527(d)(2).

While on remand and prior to determining Plaintiff's RFC, the ALJ is directed to address interrogatories to Dr. Raben asking him to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the relevant time period in question; and to give the objective basis for his opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. Chitwood v. Bowen, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); Dozier v. Heckler, 754 F.2d 274, 276 (8th Cir. 1985).  The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the

---

[4]The Court notes that the exhibit the ALJ cites, Exhibit 1F, is ninety-four pages in length covering the period of February 21, 2007, through October 2, 2007. (Tr. 179-272).

medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis Plaintiff's condition and level of pain, and complete a medical assessment of Plaintiff's ability to perform work-related activities for the relevant time period in question. See 20 C.F.R. § 404.1517.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

### IV.   Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 21st day of April 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)